**Michael Linn PETRIE, Plaintiff—Appellant,**

**v.**

**David COOK, et al., Defendants—Appellees.**

No. 01–35091.

D.C. No. CV–00–00548–BR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 7, 2002.

Decided Oct. 1, 2002.

Before NOONAN, HAWKINS and GOULD, Circuit Judges.

### MEMORANDUM *

Michael Linn Petrie ("Petrie"), an Oregon state inmate, filed this action under 42 U.S.C. § 1983 against state prison officials claiming that they breached their constitutional duty to protect him from physical harm by failing to investigate and respond to threats and attempts on his life. Petrie argues that the district court erred when, granting summary judgment to the prison officials, it held that Petrie did not show a violation of his Eighth Amendment rights against cruel and unusual punishment and that the officials were immune from liability because they acted reasonably.

The district court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. This court reviews any grant of summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (*en banc* ).

Petrie contends that the state did not explicitly make the argument that he failed to exhaust his administrative remedies. However, the state did in effect make this argument by pointing out that Petrie neglected to attend the administrative hearing set up by prison officials while he was placed in the disciplinary segregation unit (DSU). In any case, we may affirm the district court's opinion on any ground "that the law and the record permit and that will not expand [any] relief granted below." *Thigpen v. Roberts*, 468 U.S. 27, 30, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984). Because Petrie did not fully exhaust his administrative remedies, we affirm the district court's decision.

The basic facts have already been set forth by both parties in their briefs.

When a state prisoner initiates a civil rights claim under 42 U.S.C. § 1983, he must exhaust all administrative remedies available to him before filing the suit in court. *See Porter v. Nussle*, 534 U.S. 516, ——, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("[E]xhaustion is now required for all 'action[s] ... brought with respect to prison conditions,' whether under § 1983 or 'any other Federal law.'") (citation omitted). In this case, Petrie was placed in DSU pending a hearing convened by prison officials. Petrie received notice of the hearing but declined to attend. As a result, he failed to fully exhaust all administrative remedies available to him at the time and therefore, cannot yet file his suit in court.

The decision of the district court is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.